IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JASON WICKLINE, and
SHANNA WICKLINE,
        Plaintiffs,

vs.                                                            Civil Action No. 2:23-cv-799

CPL. T.J. CUMBERLEDGE, individually,
JOHN DOE 1, individually,
JOHN DOE 2, individually,
JOHN DOE 3, individually,
KANAWHA COUNTY COMMISSION,
a political subdivision of the State of West Virginia,
        Defendants.

## COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, and the Fourth Amendment to the United States Constitution, arises out of the unlawful and unreasonable search occurring at the Plaintiffs' home on December 15, 2021 in Kanawha County, West Virginia, within the Southern District of West Virginia, at Charleston.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1. Plaintiff Jason Wickline was at all times relevant hereto a resident of St. Albans, Kanawha County, West Virginia.

2. Plaintiff Shanna Wickline was at all times relevant hereto a resident of St. Albans, Kanawha County, West Virginia.

1

2. Defendant Cpl. T.J. Cumberledge is and was at all times relevant hereto a resident of Kanawha County, West Virginia, with an address of 301 Virginia Street, East, Charleston, West Virginia, 25301 and is/was employed by the Kanawha County Sheriff's Department. He is named in his individual capacity.

3. Defendant John Doe 1, whose identity is currently unknown. He is named in his individual capacity.

4. Defendant John Doe 2, whose identity is currently unknown. He is named in his individual capacity.

5. Defendant John Doe 3, whose identity is currently unknown. He is named in his individual capacity.

6. Defendant Kanawha County Commission ("KCC") is a political subdivision of the State of West Virginia. *See* West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, *et seq*.

## FACTS

7. Plaintiffs are husband and wife and, at all times relevant hereto, resided with their minor child at 403 Sun Valley Drive, St. Albans, Kanawha County, West Virginia

8. On November 7, 2021, Plaintiff's were awakened at 1:30 a.m. by a knocking on their front door. When Plaintiffs opened the door they were confronted by police officers asking them if a Laurel Wolfe was there. Plaintiffs told the officers who they were and that they had been living there for two years. Plaintiffs further told the officers that no one named Laurel

Wolfe was there. Before leaving Plaintiffs' property, the Officers went into Plaintiffs' backyard shining flashlights and looking in their windows.

9. The following day, November 8, 2023, while Plaintiffs were away from their home U.S. Marshals came to the residence. Upon finding that Plaintiffs weren't home, the Marshals spoke with Plaintiffs' neighbor and asked him about a Laurel Wolfe being at Plaintiffs' residence. The neighbor told the Marshals that Laurel Wolfe hadn't lived there for years and gave them contact information for a family member of Ms. Wolfe.

10. On the evening of November 8, 2023 at approximately 7:00 p.m. two Kanawha County Deputies came to Plaintiffs' residence and again asked the same questions regarding Laurel Wolfe and whether she was there. Plaintiffs again told the Deputies that no one by that name had ever been there in the two years that they had been living there. The two Deputies, who were unaware of the Marshals being there earlier in the day, said that they were sorry to have bothered them and then proceeded to leave.

11. Subsequently, on December 15, 2021, Plaintiffs came back to their residence and found a business card belonging to Defendant Cumberledge laying on the table. Plaintiffs proceeded to ask their son if the police had been there and were told that he had found the card stuck in the front door when he came home earlier that day.

12. Later in the evening of December 15, 2021 Plaintiff Jason Wickline contacted Defendant Cumberledge who told him that there was a new warrant for Laurel Wolfe and that was the reason they had been there. Plaintiff again explained that Laurel Wolfe didn't live there, and hadn't for several years. Defendant Cumberledge also advised Plaintiff Jason Wickline that his door had been unlocked when they had been there.

3

13. The following day Plaintiffs reviewed their home surveillance cameras and discovered that three police officers purportedly acting as U.S. Marshals had entered their house the previous day (December 15, 2021) while they were away. The three officers entered Plaintiffs' home with their guns drawn and proceeded to search the entire house. The officers were not given consent to search, they had no warrant to search the residence, and there were no exigent circumstances justifying their entering the residence and searching it..

14. The three officers were all sworn law enforcement officers who entered the Plaintiffs' property under color of law.

15. The said officers entered the Plaintiffs' property under the auspices of searching for Laurel Wolfe whom they'd already been told did not live in plaintiffs' residence.

16. After searching Plaintiffs' house, the officers exited the residence, leaving the door unlocked and Defendant Cumberledge's business card placed in the door.

## COUNT ONE - UNREASONABLE SEARCH
## IN VIOLATION OF THE FOURTH AMENDMENT

17. Plaintiff incorporates by reference all of the previous paragraphs.

18. On December 15, 2021, Defendant police officers illegally entered the residence of the Plaintiffs for the purposes of searching the interior of the Plaintiffs' residence.

19. Once inside the Plaintiffs' residence, Defendant officers performed a search of the interior of the residence, as described above in detail. They performed the search for the purpose of locating Laurel Wolfe inside the home, despite the fact that they had already been advised that Laurel Wolfe didn't live there, and also after having seen Plaintiffs' names on the mailbox. They,

4

-
-

of course, did not find Laurel Wolfe in the residence, and they proceeded to leave the residence leaving the door unlocked.

20. The Defendant officers committed the said search inside the Plaintiffs' residence in the absence of a search warrant. Nor did they have an arrest warrant for anyone living in the residence.

21. The Defendant officers possessed no justification to perform a warrantless search of the Plaintiffs' home on December 15, 2021. There is no indication that any sort of exigency occurred in the Plaintiffs' home on said date which would form the basis of a claim of exigent circumstances. The home was unoccupied at the time, and Plaintiffs were at work during the search. The officers were aware that the home was unoccupied.

22. Likewise, Plaintiffs were not home during the search in order to consent to the entry and search of his home. Plaintiffs were entirely unaware that officers had searched their home until they returned home and found Defendant Cumberledge's card, and their subsequent review of surveillance footage. Therefore consent could not justify the warrantless search and seizure.

23. No objectively reasonable police officer would believe that they possessed legal justification or authority to enter and search the Plaintiffs' home, as described above, without a warrant and without consent or the presence of exigent circumstances justifying entry, for the purpose of searching the home for a person whom they had already been told didn't live there.

24. Instead of acting objectively reasonable, the Defendant officers were engaging in a pattern and practice of performing a warrantless and unjustified search, as described above.

25. The Defendants actions as alleged herein were performed under color of law, objectively unreasonable, willful, wanton, intentional and done with a callous and reckless disregard for the Plaintiffs' Fourth Amendment right to be free from an unreasonable search. The Defendants herein are not entitled to qualified immunity.

26. As a direct and proximate result of the Defendants' actions, Plaintiffs' suffered damages and are entitled to recover for the same.

### COUNT TWO- MONELL CLAIM AGAINST THE KANAWHA COUNTY COMMISSION

27. The previous paragraphs are hereby incorporated by reference as though fully restated herein.

28. The Kanawha County Commission which is the political subdivision under which the Kanawha County Sheriff's Department operates, instituted an official policy, custom, and practice whereby members of the Department would routinely work with the U.S. Marshal Service as part of a joint task force.

29. The actions of the defendant employees of the Kanawha County Sheriff's Department, Defendants Cumberledge and John Doe 1, 2, and 3 of engaging in and assisting in the warrantless search of the Plaintiffs' residence on December 25, 2021, were taken in furtherance of the said official policy, custom, and practice of conducting searches without having warrants, reasonable suspicion or probable cause to do so.

30. Moreover, the search of the Plaintiffs' residence was done pursuant to the policy established and directed by the Kanawha County Sheriff's Department.

31. As a direct and proximate result of the said policy, custom and practice, the Plaintiffs were damaged as described herein, for which they are entitled to recover.

## COUNT THREE - STATE LAW NEGLIGENCE CLAIM

32. Plaintiffs hereby incorporate the previous paragraphs as though fully restated herein.

33. The Defendant, Kanawha County Commission, who was the employer of the defendant deputies at the relevant times while they were acting within the scope and course of their employment, and who specifically owed Plaintiffs a duty of reasonable care. It was reasonably foreseeable to the said political subdivision, by and through their employees, that Plaintiffs would be harmed if they were to be subjected to the warrantless and unlawful search of their residence without having been suspected of committing any crime. It was reasonably foreseeable that if Defendants failed to take reasonable steps to determine whether they were searching the correct residence that Plaintiffs' Constitutional rights would be violated as a result.

34. Defendant, Kanawha County Commission, by and through its agents and employees, as detailed above and incorporated herein, in the absence of exigent circumstances, or probable cause to do so, illegally entered and executed a warrantless and illegal search of Plaintiffs' residence in violation of the Fourth Amendment of the U.S. Constitution. In so doing, the officers were acting in accordance with their training and supervision, which was effectively negligent in that it disregarded the use of safeguards to prevent illegal searches and cases of mistaken identity. Had such safeguards been in place and adhered to, it would have prevented the illegal search of Plaintiffs residence. However, due to inadequate and negligent training and supervision, neither the Kanawha County Commission, nor the Kanawha County Sheriff's Department utilized any of these safeguards. This directly resulted in the illegal search of Plaintiffs' residence.

35. As a direct result of Defendant Kanawha County Commission's negligence, Plaintiffs suffered harm for which they are entitled to recover.

## PRAYER

WHEREFORE, based on the above stated facts, the Plaintiffs respectfully request that this Honorable Court award:

1. Damages against the individual Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiffs for all compensatory damages to be proven at trial;

2. Punitive damages against the individual Defendants in an amount to be determined at trial; and

3. Reasonable attorney fees and costs.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

                                                JASON WICKLINE
                                                SHANNA WICKLINE
                                                By Counsel

/s/ John H.Bryan_____
John H. Bryan (WV Bar No. 10259)
411 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com