UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JASON WICKLINE** *and* **SHANNA WICKLINE,**

    *Plaintiffs,*

v.

**CPL. T.J. CUMBERLEDGE, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,** *and* **KANAWHA COUNTY COMMISSION,**

    *Defendants.*

No. 2:23-CV-00799
Hon. Thomas E. Johnston

### RESPONDENTS' VERIFIED RESPONSE
### TO THE COURT'S ORDER TO SHOW CAUSE

    Respondents submit the following response to the Court's Memorandum Opinion and Order dismissing Defendant Kanawha County Commission and ordering defense counsel to show cause.[1]  They hope that they have demonstrated herein that the error in their Memorandum in Support of Defendant Kanawha County Commission's Motion to Dismiss[2] was, while embarrassing, nonetheless unknowing and unintentional.  Respondents therefore ask that no sanction be imposed.

### I. INTRODUCTION

    In 2021, certain law enforcement officers entered Plaintiffs' residence to execute an arrest warrant for Lauren Wolfe, but Wolfe was not there.[3]  Plaintiffs sued the officers and the Kanawha County Commission (for whom, Plaintiffs alleged, at least one of the officers worked).[4]  Respondents moved to dismiss the Commission.[5]  One of the issues was whether

---

[1]     (*See* DE 29.)
[2]     (*See* DE 11.)
[3]     (*See* DE 1 (Compl.) ¶¶ 1–16.)
[4]     (*See generally* DE 1.)
[5]     (*See* DE 10 (motion) and 11 (memorandum).)

execution of the arrest warrant violated the Fourth Amendment.[6] The Supreme Court of the United States had held that "for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within."[7] But it did not define what, exactly, constituted adequate "reason to believe" that the suspect is within.

As detailed *infra*, Respondents inadvertently based their motion on the West Virginia Supreme Court of Appeals' definition of the phrase (*i.e.*, less than probable cause[8]) rather than the Fourth Circuit's definition (*i.e.*, probable cause[9]). Based in part on that same error (*i.e.*, following *Pennington*), Respondents also incorrectly stated that *Pennington*'s definition was universally accepted by courts, when in fact it is not. Understandably troubled by Respondents' error, the Court concluded that Respondents "crossed the line from zealous advocacy to flouting their unflagging duty of candor to the Court"[10] and ordered them to show cause why they should not be sanctioned.

Below, Respondents endeavor to (1) explain the process that led to their error solely to show that it was indeed an error rather than an effort to deceive, and (2) show that they would never knowingly mislead this Court or any court.

---

[6] (*See* Compl. ¶¶ 17–26.)

[7] *Payton v. New York*, 445 U.S. 573, 603 (1980).

[8] *See* Syl. Pt. 3, *State v. Pennington*, 247 W. Va. 631, 885 S.E.2d 569, 571 (2022) (holding in pertinent part that "[r]eason to believe requires less proof than probable cause"), *cert. denied sub nom. Pennington v. West Virginia*, 143 S. Ct. 2493 (2023).

[9] *See United States v. Brinkley*, 980 F.3d 377, 386 (4th Cir. 2020) ("For these reasons, we join those courts that have held that reasonable belief in the *Payton* context embodies the same standard of reasonableness inherent in probable cause.") (citation, quotations, and internal quotations omitted).

[10] (DE 29 at 15.)

## II. RESPONSE

A.  **The process that led to Respondents' error.**

In late 2023, Attorney Michael D. Mullins ("Attorney Mullins") (a participating member at Steptoe & Johnson PLLC ("the Firm") with about twenty-five years of practice) was asked to represent Defendants in the instant civil action.[11]

In early January 2024, Attorney Mullins identified the claims in Plaintiffs' complaint and set out to learn about them to defend the case. He spotted two primary issues: a *Monell* issue, and the underlying Fourth Amendment issue regarding the officers' entry into Plaintiffs' residence with only an arrest warrant. Attorney Mullins was familiar with the *Monell* issue, but he was less familiar with this particular Fourth Amendment issue. So, on January 9, 2024, to prepare for a meeting with his clients, he researched that Fourth Amendment issue. He read both *Pennington* and *Brinkley*, particularly looking for the types of evidence that support the constitutional entry into a home with only an arrest warrant.

The following day, Attorney Mullins met with his clients. He then drafted an attorney-client privileged initial evaluation letter that discussed the types of evidence from *Pennington* that demonstrated reasonableness and cited only *Pennington*'s holding that "[r]eason to believe requires less proof than probable cause."[12] His initial evaluation letter made no reference to *Brinkley*. He also caused the copy of *Pennington* that he had read and annotated to be placed in the case's file. He does not believe that he highlighted or annotated a copy of *Brinkley*, like he had *Pennington*, and he did not save a copy of *Brinkley* in the file, like he had *Pennington*. Ultimately, Attorney Mullins's initial evaluation letter failed to recognize that *Brinkley*, not *Pennington*, supplied the definition of "reason to believe" that governs this case.

---

[11]   It would later be determined that the United States Attorney would represent Special Deputy U.S. Marshal Cumberledge.

The case lay dormant from Attorney Mullins's January 11, 2024, initial evaluation letter until March 25, 2024, when he learned that Plaintiffs had served his client and that any motion to dismiss would be due April 15, 2024.

Attorney Mullins then contacted Attorney Robert L. Bailey ("Attorney Bailey") (of counsel at the Firm with about twenty-three years of experience) and asked if Attorney Bailey would draft a motion to dismiss only the *Monell* claim. For more than twenty years, Attorney Bailey has been the primary attorney in the firm who assists Attorney Mullins in drafting briefs. They estimate that during that time, Attorney Bailey has drafted more than one hundred briefs for Attorney Mullins. Attorney Mullins considers Attorney Bailey's work to have always been excellent and considers the pair to work well together (with Attorney Mullins conducting discovery and Attorney Bailey writing dispositive motions).

Although it is now known that it would be unnecessary to argue the underlying Fourth Amendment issue, out of an abundance of caution, Respondents also included that basis in their motion to dismiss. Attorney Mullins initially sent a copy of the complaint to Attorney Bailey, and then Attorney Mullins sent Attorney Bailey his initial evaluation letter applying *Pennington* and the annotated copy of the *Pennington* opinion. Attorney Bailey thus believed that his assignment was to draft a motion to dismiss based on the *Monell* issue and, in drafting the Fourth Amendment portion of the motion, Syl. Pt. 3 of *Pennington*.[12]

Attorney Bailey acknowledges the deficiency of this research—specifically in not thoroughly reading *Pennington* and thus not applying *Brinkley*—and he offers no excuse for his failure to do so. Had he done so, he would have immediately realized that *Pennington*'s

---

[12] (*See supra* n.8 at 2.)

definition of "reason to believe" had unusually[13] parted company with the Fourth Circuit's definition in *Brinkley*, that the standard governing the Fourth Amendment component of Plaintiffs' claims was that "reason to believe" demands probable cause, and that the question was far from universally settled.  In any event, Attorney Bailey did not find *Brinkley*.

Finally, on April 15, 2024, Attorney Mullins filed Attorney Bailey's work product.  After working together so successfully for more than twenty years, Attorney Mullins did not believe that there was any reason to re-research the issues, so he did not catch the fact that the motion should have cited *Brinkley* (which supplies the governing standard), not *Pennington* (which is irrelevant).

***To be absolutely clear***, Respondents do *not* offer any part of this recitation of how they came to misstate the standard for "reason to believe" or its universality among courts to defend their mistake.  Both attorneys should have read *Pennington* far more carefully, and both attorneys should have applied *Brinkley*.  Not doing so was sloppy and embarrassing.  Had they done so, this disturbing incident would never have happened.

Instead, Respondents offer *how* they made a mistake solely to show *that* they made a mistake.  They appreciate the Court's belief that Respondents' error is hard to understand *as* an error.  But they hope that by retracing their steps, they have shown that their error was exactly that: an error, not an effort to deceive.[14]

---

[13]    *See, e.g.*, *State v. Rexrode*, 243 W. Va. 302, 310 n.8, 844 S.E.2d 73, 81 n.8 (2020) ("This Court has traditionally construed article III, § 6 of the West Virginia Constitution in harmony with the Fourth Amendment, because the language is very similar.") (citation omitted).

[14]    There is one other attorney on the CM/ECF list of "represented by" attorneys (and thus the signature block of the motion) who represents the County: Attorney Colton C. Parsons.  Attorney Parsons played **absolutely no role in this case** and, thus, **no role in the motion in question**.

B.     **Respondents would never knowingly mislead any court.**

There is a second independent reason not to conclude from the magnitude of Respondents' error that they intended to deceive the Court:  Respondents would never knowingly mislead any court.

When Attorney Bailey (the author of DE 11) attended law school, he was selected as a judicial clerk intern for two state court judges and one state supreme court justice.  After graduating from law school, he was a law clerk for a different division of the United States District Court for the Southern District of West Virginia.  And the year after that, he was a law clerk for the United States Court of Appeals for the Second Circuit.  These positions all demanded a high degree of integrity.  There is also another reason to note Attorney Bailey's judicial clerkships:  Understandably frustrated, the Court asked whether Respondents knew that the Court would do its own research deciding DE 10 or read the case that Respondents cited (*Pennington*) in support of their position.[15]  Attorney Bailey is thus especially aware that the answer to that question is, emphatically, yes: *i.e.*, that every aspect of his submissions are carefully scrutinized and that any errors—especially ones this overt—will be discovered.

Attorney Mullins has spent his career as a front-line litigator.  And for the roughly twenty-two years since clerking, Attorney Bailey's career has consisted almost entirely of writing briefs—mostly dispositive and federal jurisdiction motions and appellate briefs—before state and federal judges, mostly in West Virginia.  Both have strived to perform, and believe that they have performed, their duties with the utmost integrity and honesty. Attorney Mullins and Attorney Bailey hereby affirm that they did "not  knowingly . . . make a false statement of . . .

---

[15]     (*See* Order at 15.)

law to" this Court.[16] Indeed, they further affirm that in their nearly fifty combined years as attorneys, they have never knowingly misled *any* tribunal.

### III. CONCLUSION

Respondents do not seek to minimize the gravity of their mistake in identifying the wrong definition of "reason to believe" under governing Fourth Amendment law or that definition's acceptance with courts. Instead, they were horrified to learn about it. But they hope that they have demonstrated to the Court that their mistake was exactly that: a wholly inadvertent mistake, not a knowing deception that requires a sanction to prevent its recurrence. Accordingly, Respondents respectfully request that the Court not impose any sanction.

**Respondents,**

**STEPTOE & JOHNSON PLLC**
*Of Counsel*

/s/ Michael D. Mullins
Michael D. Mullins (W. Va. Bar No. 7754)
*michael.mullins@steptoe-johnson.com*
707 Virginia St. E. 17th Floor
P.O. Box 1588
Charleston, W. Va. 25326-1588
(304) 353-8000 (voice)
(304) 353-8180 (facsimile)

---

[16] W. Va. R. Prof. Cond. 3.3(a)(1); *see* S.D. W. Va. L.R. Civ. P. 83.7 (incorporating same).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JASON WICKLINE** and **SHANNA WICKLINE**,

    *Plaintiffs,*

v.

**CPL. T.J. CUMBERLEDGE, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,** and **KANAWHA COUNTY COMMISSION**,

    *Defendants.*

No. 2:23-CV-00799
Hon. Thomas E. Johnston

### VERIFICATION

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, TO-WIT:

    I, Michael D. Mullins, being first duly sworn, state that I have read the foregoing "Respondents' Verified Response" and that the factual representations contained therein that relate to me, individually or otherwise, are true, except insofar as they are stated to be on belief and that insofar as they are so stated, I believe them to be true.

_____

Taken, subscribed, and sworn by me on _July 24, 2024_.

My Commission expires: _March 23, 2027_.

                                                Linda L. Bowling
                                                Notary Public

NOTARY PUBLIC OFFICIAL SEAL
LINDA L. BOWLING
State of West Virginia
My Commission Expires March 23, 2027
STEPTOE & JOHNSON PLLC
707 VIRGINIA STREET E
CHARLESTON, WV 25301

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**JASON WICKLINE** *and* **SHANNA WICKLINE,**

    *Plaintiffs,*

v.

**CPL. T.J. CUMBERLEDGE, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,** *and* **KANAWHA COUNTY COMMISSION,**

    *Defendants.*

No. 2:23-CV-00799
Hon. Thomas E. Johnston

## **VERIFICATION**

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, TO-WIT:

    I, Robert L. Bailey, being first duly sworn, state that I have read the foregoing "Respondents' Verified Response" and that the factual representations contained therein that relate to me, individually or otherwise, are true, except insofar as they are stated to be on belief and that insofar as they are so stated, I believe them to be true.

_____
A320BA4A30FC4EF...

Taken, subscribed, and sworn by me on 7/23/2024 _____.

My Commission expires: 08/28/2026 _____.

OFFICIAL SEAL
ELECTRONIC NOTARY PUBLIC
STATE OF WEST VIRGINIA
ROSALIA PACIFICO
P.O. Box 1588
Charleston, WV 25326
Commission #241363
My Commission Expires Aug. 28, 2026

Rosalia Pacifico
C923004AEE5F438...
Notary Public

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**JASON WICKLINE** *and* **SHANNA WICKLINE,**

    *Plaintiffs,*

v.

**CPL. T.J. CUMBERLEDGE, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,** *and* **KANAWHA COUNTY COMMISSION,**

    *Defendants.*

No. 2:23-CV-00799
Hon. Thomas E. Johnston

### CERTIFICATE OF SERVICE

    I hereby certify that on July 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

| | |
|---|---|
| John H. Bryan<br>JOHN H. BRYAN, ATTORNEYS AT LAW<br>P. O. Box 366<br>Union, WV 24983<br>*Counsel for Plaintiffs* | Matthew C. Lindsay<br>UNITED STATES ATTORNEY'S OFFICE<br>Suite 4000<br>300 Virginia Street East<br>Charleston, WV 25301<br>*Counsel for T.J. Cumberledge* |

                                                  /s/ Michael D. Mullins